UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
ABDUL WAKIL AMIRI,                  )
                                    )
            Plaintiff,              )
                                    )
        v.                          )   Civil Action No. 12-2047 (RWR)
                                    )
SECURITAS SECURITY                  )
SERVICES USA, INC., *et al.*,       )
                                    )
            Defendants.             )
_____ )

MEMORANDUM OPINION

In this action brought *pro se* under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, 42 U.S.C. § 1981, and "related state law," Compl. at 10, plaintiff sues his former employer, Securitas Security Services USA, Inc., Human Resources Manager Errin Britt, and Regional Vice President Kevin Lanius for failing to rehire him after a reduction in force in 2009. *See* Defs.' Mem. of P. & A. in Support of Mot. to Dismiss Compl. of Plaintiff Abdul Wakil Amiri or, in the Alternative, for Summ. J. ("Defs.' Mem.") [Doc. # 8-1] at 1.[1] He claims unlawful discrimination and retaliation.

Defendants move to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure or for summary judgment under Rule 56 [Doc. # 8], which plaintiff opposes in a prolix response. *See* Pl.'s Mem. of P.&A. of Opp'n to Defs.' Mot. to Dismiss or for Summ. J. [Doc. # 14]. In

___
[1] Plaintiff's handwritten document docketed as the Complaint [Doc. # 1] is not well organized, and in places is barely legible and difficult to decipher. Plaintiff has not refuted defendants' reasonable interpretation of the complaint. Therefore, reliance will be placed mostly on defendants' statement of facts and citations to the complaint set out in their Memorandum at 2-4. In addition, the "related state law" claims are not apparent from the complaint and supplemental jurisdiction over such claims will not be exercised.

1

addition, plaintiff has filed a "Supplemental Affidavit with 3 Exhibits" [Doc. # 16] and defendants have responded to the supplemental affidavit [Doc. # 17]. Upon consideration of the parties' submissions and the entire record, defendants' motion will be granted.

BACKGROUND

The relevant facts alleged are as follows. Plaintiff worked for Securitas as a security guard from 2002 to August 31, 2009, at Howard University in the District of Columbia. Compl. ¶¶ 5, 10. In 2009, Securitas lost its contract with the University and laid off approximately 100 security guards, including plaintiff. *Id*. ¶ 12. Securitas promised to rehire the laid off security guards but did not rehire plaintiff. *Id*.

In April 2011, plaintiff filed a discrimination charge with the District of Columbia Office of Human Rights ("OHR") based on Securitas' failure to rehire him. *Id*. ¶ 16. Following mediation proceedings, the parties reached a settlement that was memorialized in writing on September 2, 2011. *See* Defs.' Mem., Ex. 2. In exchange for plaintiff withdrawing the charge, defendants agreed to provide "a good faith interview for a position within the next 14 business days after [plaintiff had submitted] a new application for employment." *Id*. Plaintiff accepted that he would be provided an interview "and . . . considered competitively for a position with [Securitas]." *Id*.

On September 16, 2011, Regional Vice President Lanius interviewed plaintiff for a security guard position but decided not to hire him based in part on statements plaintiff had made during the interview about his "previous employment" that raised "serious concerns about his potential behavior and integrity." Defs.' Ex. 3, Decl. of Kevin Lanius [Doc. # 8-5] ¶ 2. On March 1, 2012, plaintiff filed another discrimination charge with OHR and cross-filed it with the Equal Employment Opportunity Commission ("EEOC"). He admitted that Securitas had

"honored the mediation agreement" but claimed that it "continue[d] to retaliate against [him] by refusing to re-hire [him] or place [him]." Defs.' Ex. 4, Charge of Discrimination [Doc. # 8-6]. Plaintiff alleges that Lanius was influenced by Human Resources Manager Britt who allegedly told Lanius, among other things, that plaintiff had made "ugly comments against the Employer." Compl. ¶ 20. Following an investigation, OHR concluded in a decision dated August 30, 2012, that there was "no probable cause to believe that [Securitas] retaliated against [plaintiff] when it interviewed him for employment but did not hire him." Defs.' Ex. 5, Letter of Determination [Doc. # 8-7] at 7. The decision was affirmed on September 27, 2012, Ex. 6, and was adopted by the EEOC on October 16, 2012, Compl. Attach, ECF p. 6 (Dismissal and Notice of Rights). Plaintiff initiated this action on December 20, 2012.

## DISCUSSION

I. REVIEW STANDARDS

A. Motion to Dismiss

A district court can dismiss a complaint under Rule 12(b)(6) when the defendant shows that the plaintiff "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). "A Rule 12(b)(6) motion tests the legal sufficiency of a complaint[.]" *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations[.]" *Twombly*, 550 U.S. at 555. However, "[w]here a complaint

pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

When considering a Rule 12(b)(6) motion, a court construes the complaint in the light most favorable to the plaintiff and "assume[s] the truth of all well-pleaded allegations." *Warren v. District of Columbia*, 353 F.3d 36, 39 (D.C. Cir. 2004). A court may consider "only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [it] may take judicial notice." *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).

B. Summary Judgment

When "matters outside the pleadings are presented to and not excluded by the court" in addressing a motion under Rule 12(b)(6), the motion "must be treated as one for summary judgment." Fed. R. Civ. P. 12(d). To succeed on a motion for summary judgment, the movant must show that, when the facts are viewed in the light most favorable to the non-movant, there are no genuine issues of material fact in dispute and that the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists "only 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Morgan v. Federal Home Loan Mortgage Corp.*, 328 F.3d 647, 650 (D.C. Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255. Moreover, to prevail on a summary judgment motion, the moving

party must demonstrate that the nonmoving party failed to show "the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. A party can "defeat summary judgment through factual representations made in a sworn affidavit if he supports his allegations . . . with facts in the record, . . . or provides direct testimonial evidence." *Brown v. Georgetown Univ. Hosp. Medstar Health*, 828 F. Supp. 2d 1, 6 (D.D.C. 2011) (citation and internal quotation marks omitted). Ultimately, "all that is required [from a nonmoving party] is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Moore v. Hartman*, 571 F.3d 62, 66 (D.C. Cir. 2009) (alteration in original).

II. TITLE VII

Under Title VII, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1)). It is also unlawful for an employer to discriminate against an employee or applicant for employment "because he has opposed any [unlawful employment] practice . . . or because he has made a charge . . ., or participated in any manner in an investigation, proceeding, or hearing under this subchapter." *Id*., § 2000e-3(a).

A. Individual Defendants

Defendants argue correctly that individuals cannot be held personally liable under Title VII. Defs.' Mem. at 6-7; *see Davis v. Geithner*, 919 F. Supp. 2d 8, 16 (D.D.C. 2013) (dismissing claims "[b]ecause Title VII does not provide a civil cause of action against the individually named defendants"); *Williams v. CSOSA*, 840 F. Supp. 2d 192, 198 (D.D.C. 2012) (quoting *Gary*

5

*v. Long*, 59 F.3d 1391, 1399 (D.C. Cir. 1995) ("[W]hile a supervisory employee may be joined as a party defendant in a Title VII action, that employee must be viewed as being sued in his capacity as the agent of the employer, who is alone liable for a violation of Title VII."). Hence, the Title VII claims against Britt and Lanius individually are hereby dismissed as a matter of law.

B. Administrative Exhaustion of Discrimination Claim

Securitas seeks summary judgment on the Title VII discrimination claim on the basis that plaintiff failed to exhaust his administrative remedies. *See* Defs.' Mem. at 7. "[A] timely administrative charge is a prerequisite to initiation of a Title VII action in the District Court." *Hutchinson v. Holder*, 668 F. Supp. 2d 201, 212 (D.D.C. 2009) (internal quotation marks and citation omitted) (alteration in original). This is a mandatory requirement because the administrative charge gives "the charged party notice of the claim and narrow[s] the issues for prompt adjudication and decision." *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995) (internal quotation marks and citation omitted); *accord Brown*, 828 F. Supp. 2d at 6. Although a "vaguely worded [administrative] charge is not fatal to a Title VII plaintiff['s] case" because charges "are often drafted by persons unschooled in technical pleading[,] . . . the requirement of some specificity in a charge is not a mere technicality, . . . and a liberal interpretation of an administrative charge cannot be used to permit a litigant to bypass the Title VII administrative process." *Caldwell v. ServiceMaster Corp.*, 966 F. Supp. 33, 49 (D.D.C. 1997) (internal quotation marks and citations omitted).

Securitas asserts correctly that the operative administrative charge is plaintiff's March 1, 2012 charge. In both the OHR claim form and the EEOC claim form, plaintiff checked as the basis of the charge only retaliation, not race, color, sex, religion, national origin or other bases.

6

In addition, he wrote under "the particulars" section of the OHR form: " I believe I have been retaliated against in the terms, conditions and privileges of employment for the following reasons[,]" and explained that although Securitas honored the settlement agreement to interview him for a position, Securitas failed and refused to re-hire him. Defs.' Ex. 4. Since neither claim form would have "reasonably trigger[ed] an administrative investigation into . . . discrimination" based on plaintiff's membership in a protected class under Title VII, *Brown*, 828 F. Supp. 2d at 7, Securitas is entitled to summary judgment on the unexhausted discrimination charge.

C. Retaliation

Securitas argues that plaintiff's retaliation claim fails "both legally and factually." Defs. Mem. at 9-10. A plaintiff asserting a retaliation claim must show "(1) that he opposed a practice made unlawful by Title VII; (2) that the employer took a materially adverse action against him; and (3) that the employer took the action 'because' the employee opposed the practice." *Bridgeforth v. Jewell*, 721 F.3d 661, 663 (D.C. Cir. 2013) (quoting *McGrath v. Clinton*, 666 F.3d 1377, 1380 (D.C. Cir. 2012)). To establish a prima facie case of unlawful retaliation based on a failure to hire, plaintiff must show also that he applied for an available job and was qualified for that position. *Morgan*, 328 F.3d at 651. "The text, structure, and history of Title VII demonstrate that a plaintiff making a retaliation claim under § 2000e–3(a) must establish that his . . . protected activity was a but-for cause of the alleged adverse action by the employer." *Univ. of Texas Southwestern Med. Ctr. v. Nassar*, 133 S.Ct. 2517, 2534 (2013).

Plaintiff asserts that Securitas did not rehire him because of statements he had made against the company. *See* Compl. ¶ 20. This might be true in part but is of no consequence. Plaintiff does not allege or present any evidence that the statements were made while he was engaged in protected activity and the defendants' evidence suggests otherwise. Lanius states that

7

"[d]uring [the job] interview, Mr. Amiri described incidents from previous employment that caused me to have serious concerns about his potential behavior and integrity," that plaintiff's "verbal and written communication skills were not at the level of other applications," and, for those reasons, that plaintiff "was not a competitive candidate." Lanius Decl. ¶ 2. Lanius memorialized the specific statements of concern in a written summary prepared shortly after the interview recommending that plaintiff not be hired. *See* Defs.' Ex. 3 at 3-4. Furthermore, plaintiff does not allege or present any evidence that the prior discrimination charge in 2011 had any bearing on Securitas's decision and, in fact, admits in the 2012 charge that defendant had "honored the [prior] mediation agreement." Defs.' Ex. 4. Plaintiff has not stated a prima facie case of retaliation. Even if he had, no reasonable jury could find from the foregoing evidence that "but for" plaintiff's protected activity, he would have been rehired as a security officer. Hence, Securitas is entitled to summary judgment on the retaliation claim.

III. 42 U.S.C. § 1981

Section 1981 of Title 42 of the United States Code serves to protect the right to make and enforce a contract free of racial discrimination. The statute defines making and enforcing contracts as "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). To establish a claim under § 1981, a plaintiff must show that (1) he is a member of a racial minority group; (2) the defendant intended to discriminate on the basis of race; and (3) the discrimination pertained to one of the activities enumerated in the statute. *Dickerson v. District of Columbia*, 806 F. Supp. 2d 116, 119 (D.D.C. 2011).

Defendants argue correctly that plaintiff's § 1981 claim fails because it is premised on plaintiff's national origin (Afghanistan) as opposed to his race or ethnic characteristics. Def's.

Mem of P. & A. at 8-9; *accord Amiri v. Hilton Washington Hotel*, 360 F. Supp. 2d 38, 42-43 (D.D.C. 2003) (citing cases); *see also Ndondji v. InterPark, Inc.*, 768 F. Supp. 2d 263, 274 (D.D.C. 2011) ("[B]are assertions cannot transform [] national origin discrimination claims into racial discrimination claims eligible for section 1981 relief.") (citation omitted). Hence, this claim will be dismissed.

## CONCLUSION

For the foregoing reasons, the Title VII claim against the individual defendants and the Section 1981 claim will be dismissed and summary judgment will be entered for Securitas on the Title VII claims. To the extent that plaintiff has asserted any state law claims, exercising supplemental jurisdiction over such claims is declined. A separate order accompanies this Memorandum Opinion.

_____/s/_____
RICHARD W. ROBERTS
DATE: April 1, 2014    Chief Judge

9